Nash, J.
 

 We concur with his Honor on both points. The question now presented, was before the Court in the case of the
 
 Judges
 
 v.
 
 Deans, 2
 
 Hawks 132. That was an action of debt, brought against the defendant as one of the sureties to the official bond of Howell Jones, who was the Clerk and Master of Hertford County. A decree had been obtained under a bill for the sale of land, and the Clerk and Master was appointed to make it; a sale was made and the report confirmed, and an order made, that the Clerk and^Master should pay over to the complainants tho bonds taken at the sale ; and for a breach of this order, the action was brought. On behalf of the defendant, it was contended, there as here, that the act complained of, was not a breach of his official duty ; that the Clerk had received the bonds, not as Clerk but as a commissioner ; as an individual selecto d by the Court, for the performace of a certain act. The defence was not sustained by the Court; it was decided, that, in every part of the business, the Clerk acted officially, and more particularly as to that part of the decree, which required he should pay over the bonds, &c., for the reason that his office was the proper place for their deposit. In
 
 this case,
 
 the order of the Court is, “ that the Clerk and Master of
 
 ¿Ms
 
 Court, proceed to the collection of the purchase money, that
 
 he
 
 make title to the purchasers, and that
 
 he
 
 proceed on the collection of the purchase money, to pay it over to those entitled to receive the same.” Throughout this order the Court speak to their own officer, as Clerk and Master, and not as Commissioner. As Clerk and Master, and he is to make title, receive the purchase money,
 
 *171
 
 make distribution. It is impossible to conceive duties more official, than those to be performed under this order. In not paying over to the relator the one hundred dollars, on his demand, the Clerk was guilty of a breach of his bond. He was, by the decree, directed to pay the money to the parties, who were entitled. It had been in his hands, as Clerk and Master, three years, without any one appearing to claim it, and, under the Act referredto, the relator was entitled to have it delivered to him.
 

 We see no error in the judgment of the Court as to the Ten Dollars, It was not sufficient to enable the plaintiff to recover, that it should appear the money had remained in the office three years, and that the defendant had refused to pay it; but it must further appear, that it was money payable to some particular person. These are the words of the Act. The case states that it was retained by the Clerk and Master under an interlocutory order of the Court. What that interlocutory order was, we are not informed ; it may have been one requiring the Clerk to retain it until the further order of the Court, to enable the Court, for instance, by a proper enquiry, to ascertain to whom it belonged. In such a case, the refusal to pay it to the relator would not be a breach of his bond ; the ac' tion of the Court upon it was notfinal. We cannot, in this case, in relation to that money, see that the defendant has been guilty of any breach of his official bond.
 

 Per Curiam. Judgment affirmed.